IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES ALBERT JONES (# 20536)                                                    PLAINTIFF

v.                                                                          No. 4:07CV9-P-A

GLORIA IVY
MAXIENE LYNCH
DARLESTER FOSTER
DWIGHT PRESLEY
LARRY HARDY                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of James Albert Jones (# 20536), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that on January 30, 2006, he was stabbed while returning from the day room in Unit 32-E to his cell on tier one. He claims that the guard in the tower failed to ensure the door to tier three was locked, and the plaintiff was attacked and stabbed by two inmates from tier three. The plaintiff also brings several more claims. He alleges that he was placed in a cell without a mattress from February 1, 2006, to February 6, 2006. He next alleges that his property was stripped from his cell and he was sprayed with mace on February 20, 2006. He also claims that after repeated attempts to get a mattress, he finally received a mildewed and smelly one on April 11, 2006. He claims further that on April 18, 2006, Maxiene Lynch violated due process in assigning him to D-custody without a hearing. Finally, he alleges that he did not receive the canteen items he ordered on April 18, 2006. On August 21, 2006, the plaintiff sued

defendants Dwight Presley, Darlester Foster, and Maxiene Lynch in state court regarding these issues, and the Circuit Court of Sunflower County entered judgment against the plaintiff as to all claims on November 3, 2006.[1] The plaintiff filed the instant suit January 10, 2007.

**Discussion**

First, the court notes that the plaintiff has made no allegations against defendants Gloria Ivy and Larry Hardy. As such, defendants Ivy and Hardy shall be dismissed from this case. Second, the plaintiff's claims against the remaining defendants are barred under the doctrine of *res judicata* (claim preclusion) because the plaintiff sued those defendants in state court, and the court ruled adversely to the plaintiff. *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2)

---

[1] The court takes judicial notice of prior proceedings involving the plaintiff. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976). *See* attached Sunflower County Circuit Court "Order Dismissing Petition for an Order to Show Cause," filed November 3, 2006, *and* "Petition for an Order to Show Cause," filed by the plaintiff in Sunflower County Circuit Court on August 15, 2006.

-2-

the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the January 30, 2006, stabbing incident and the other claims described in the complaint – and any suits arising out of those events – as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against Dwight Presley, Darlester Foster, and Maxiene Lynch should be dismissed as frivolous because the plaintiff sued those parties in state court regarding all incidents described in the present complaint, and the state court entered judgment for the defendants.

**Conclusion**

The plaintiff has alleged no claim whatsoever against Gloria Ivy and Larry Hardy; indeed their names appear nowhere in the complaint other than the style of the case. As such, these defendants shall be dismissed with prejudice. In addition, the plaintiff has sued remaining defendants Dwight Presley, Darlester Foster, and Maxiene Lynch in state court regarding the stabbing incident and the other claims, and that court has entered judgment against the plaintiff. As such, the plaintiff's claims against these remaining defendants must be dismissed. In sum, the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE